1  PHILLIP A. TALBERT
   United States Attorney
2  DAVID GAPPA
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, Ca 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8  **UNITED STATES DISTRICT COURT**

9  **EASTERN DISTRICT OF CALIFORNIA**

10

| 11 | UNITED STATES OF AMERICA, | Case No: 1:17-cr-00012 LJO-SKO |
|---|---|---|
| 12 | Plaintiff, | **STIPULATION BETWEEN THE UNITED STATES AND DEFENDANT REGARDING PRODUCTION OF PROTECTED INFORMATION AND PROTECTIVE ORDER** |
| 13 | | |
| 14 | v. | |
| 15 | | Ctrm: 4 |
| 16 | EDWARD PAUL CRAGG, | Hon. Lawrence J. O'Neill |
| 17 | Defendant. | |

       This case involves a charge related to the sexual exploitation of minors. The discovery in this case contains private personal information regarding third parties (both adults and minors), including but not limited to their names, dates of birth, physical descriptions, telephone numbers and/or residential addresses (protected information).

       The parties desire to avoid both the necessity of large-scale redactions and the unauthorized disclosure or dissemination of this information to anyone not a party to the court proceedings in this matter, so the parties agree that entry of a protective order would be appropriate and facilitate an expeditious exchange of information about the case.

1

As a result, defendant EDWARD PAUL CRAGG, by and through his counsel of record, Gary Huss (defense counsel), and the United States of America, by and through Assistant United States Attorney David Gappa, agree as follows:

1. This court may enter a protective order under Rule 16(d) of the Federal Rules of Criminal Procedure, and the court's general supervisory authority.

2. The protective order should cover all discovery provided to or made available to defense counsel as part of discovery in this case.

3. By signing this stipulation and protective order, defense counsel agrees not to share any documents that contain protected information with anyone other than defense counsel's attorneys, designated defense investigators, designated defense experts, and support staff. Defense counsel may permit the defendant to view unredacted documents in the presence of his attorney(s), defense investigators, and/or support staff. The parties agree that defense counsel, defense investigators, and support staff shall not allow the defendant to copy protected information contained in the discovery. The parties agree that defense counsel, defense investigators, and support staff may provide the defendant with copies of documents, if any, from which protected information has first been redacted.

4. The discovery and information therein may be used only in connection with the litigation of this case and for no other purpose. The discovery is now and will forever remain the property of the United States of America (the government). Defense counsel will return the discovery to the government or certify that it has been shredded at the conclusion of the case.

5. Defense counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

6. Defense counsel shall be responsible for advising the defendant, employees, and other members of the defense team, and defense witnesses of the contents of this stipulation and order.

7. In the event that defendant substitutes counsel, undersigned defense counsel agrees to withhold discovery from new counsel unless and until substituted counsel agrees also to be bound by

///

///

this order.

IT IS SO STIPULATED.

Dated: September 25, 2017    By: /s/ Gary Huss
Gary Huss
Attorney for defendant
EDWARD PAUL CRAGG

Dated: September 25, 2017    PHILLIP A. TALBERT
United States Attorney

By: /s/ David Gappa
David Gappa
Assistant U.S. Attorney

IT IS SO ORDERED.

Dated:   **September 27, 2017**         /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE