# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>EDWARD PAUL CRAGG,<br><br>                  Defendant. | Case No: 1:17-cr-00012 LJO-SKO<br><br>**PROTECTIVE ORDER RELATED TO STIPULATION BETWEEN THE UNITED STATES AND DEFENDANT REGARDING PRODUCTION AND REVIEW OF PROTECTED INFORMATION AND CERTIFICATION**<br><br>Ctrm: 4<br>Hon. Lawrence J. O'Neill<br>TRIAL: FEBRUARY 27, 2018 |

ORDER

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Ceres Police Department and/or Federal Bureau of Investigation shall make a duplicate copy of hard drive(s) and any attendant storage media available for defense analysis. The defendant shall be responsible for providing the drive(s) onto which evidence is copied.

2. The duplicate copy of the digital evidence shall be made available for defense counsel, Gary Huss, and defendant's proposed expert, Josiah Roloff or a colleague at the same employer (Roloff Digital Forensics), to review at the Spokane, Washington FBI office for the purpose of preparing for the defense of the above-entitled action. The digital evidence shall not be viewed by any other person unless defense counsel is present and the viewing is necessary to prepare for defendant's defense.

3. The expert will be permitted to bring whatever equipment, books, or records he or she believes necessary to conduct the examination;

4. Neither the defense expert nor defense attorney shall remove any hard drive(s) or other storage media from the FBI office.

5. With the exception of materials which would be considered child pornography under federal law (including visual depictions and data capable of conversion into a visual depiction), the expert may download and remove files or portions of files, provided the forensic integrity of the hard drive(s) is not altered. The expert will certify in writing (using the attached certification), that s/he has not taken any material which would be considered child pornography, or data capable of being converted into child pornography (under federal law), and that s/he has not caused any child pornography to be sent from the FBI premises by any means including any electronic transfer of files.

6. Except when a defense expert fails to provide this certification, no government agent, or any person connected with the government, will examine or acquire in any fashion any of the items used by the expert in order to conduct the defense analysis. Should a defense expert fail to certify that the expert has not copied or removed child pornography, or data capable of being converted into child pornography, government agents may then inspect or examine the materials in order to ensure that prohibited child pornography has not been removed.

7. When the defense indicates that it is finished with its review of the copy of the hard drive(s), the drive(s) or other storage devices shall be "wiped" clean.

8. Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.

IT IS SO ORDERED.

Dated: **January 31, 2018**     **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE