

FILED

MAY 23 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD PAUL CRAGG,<br><br>Defendant. | CASE NO. 1:17-CR-00012-LJO-SKO<br><br>**JURY INSTRUCTIONS**<br><br>TRIAL DATE: May 22, 2018 |

The jury instructions attached hereto were read to the jury in open court.

Dated: May 23 , 2018

MARIANNE MATHERLY, CLERK OF THE COURT

By: _____
I. Munoz, Deputy Clerk

# INSTRUCTION NO. 1
## DUTY OF THE JURY

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

# INSTRUCTION NO. 2

## THE CHARGE – PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government charges the defendant with receipt or distribution of material involving the sexual exploitation of a minor. The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

## INSTRUCTION NO. 3
## PRO SE DEFENDANT

The defendant has the right to be represented by an attorney in this trial, as do all criminal defendants in this country. He has decided instead to exercise his constitutional right to act as his own attorney in this case. Do not allow that decision to affect your verdict. The court applies the rules of evidence and procedure to a self-represented defendant.

## INSTRUCTION NO. 4

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; and

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

# INSTRUCTION NO. 5

## WHAT IS NOT EVIDENCE

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

    (1)    statements and arguments of the attorneys;

    (2)    questions and objections of the attorneys;

    (3)    testimony that I instruct you to disregard; and

    (4)    anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## INSTRUCTION NO. 6

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NO. 7**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received in evidence. When a lawyer or party asks a question or offers an exhibit in evidence and a lawyer or party on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

# INSTRUCTION NO. 8

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    The witness's opportunity and ability to see or hear or know the things testified to;

(2)    The witness's memory;

(3)    The witness's manner while testifying;

(4)    The witness's interest in the outcome of the case, if any;

(5)    The witness's bias or prejudice, if any;

(6)    Whether other evidence contradicted the witness's testimony;

(7)    The reasonableness of the witness's testimony in light of all the evidence; and

(8)    Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## INSTRUCTION NO. 9

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

## INSTRUCTION NO. 10
## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or application including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

*(continued on next page)*

**INSTRUCTION NO. 10**

**CONDUCT OF THE JURY (CONTINUED)**

*(continued)*

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

# INSTRUCTION NO. 11

## NO TRANSCRIPT AVAILABLE TO THE JURY

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

## INSTRUCTION NO. 12

## TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

# INSTRUCTION NO. 13

## OUTLINE OF TRIAL

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

# INSTRUCTION NO. 14

## CAUTIONARY INSTRUCTION—FIRST RECESS

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

# INSTRUCTION NO. 15

## STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

# INSTRUCTION NO. 16

## TRANSCRIPT OF RECORDING IN ENGLISH

You are about to watch a recording that has been received in evidence. The video has been synchronized with a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you hear is controlling. Listen carefully; the transcript will not be available during your deliberations.

## INSTRUCTION NO. 17

## DUTIES OF THE JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law, as I give it to you, to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

# INSTRUCTION NO. 18

## CHARGES AGAINST DEFENDANT NOT EVIDENCE –
## PRESUMPTION OF INNOCENCE – BURDEN OF PROOF

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

## INSTRUCTION NO. 19

## STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

# INSTRUCTION NO. 20
## OTHER ACTS OF DEFENDANT

You heard evidence that the defendant downloaded movies online that were not child pornography. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, knowledge, identity, and absence of mistake, and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

# INSTRUCTION NO. 21

## OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO. 22**

**SUMMARIES NOT ADMITTED INTO EVIDENCE**

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## INSTRUCTION NO. 23

## DEFENDANT'S DECISION TO TESTIFY

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

# INSTRUCTION NO. 24

## ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

# INSTRUCTION NO. 25

## REASONABLE DOUBT -- DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government proves guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

# INSTRUCTION NO. 26

## THE CHARGES IN THE INDICTMENT

## COUNT ONE: RECEIPT OF A VISUAL DEPICTION OF A MINOR ENGAGED IN SEXUALLY EXPLICIT CONDUCT

The defendant is charged in Count One of the indictment with receipt or distribution of material involving the sexual exploitation of a minor in violation of Section 2252(a)(2) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly received or distributed a visual depiction;

Second, the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;

Third, the visual depiction was of a minor engaging in sexually explicit conduct;

Fourth, the defendant knew the visual depiction was of a minor engaged in sexually explicit conduct;

Fifth, the visual depiction had been either: (a) mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; or (b) received or distributed with materials which were mailed, shipped, or transported in interstate or foreign commerce, including by computer; or (c) received or distributed by use of any means or facility of interstate or foreign commerce; or (d) the receipt or distribution of the image was in or affecting interstate or foreign commerce.

**INSTRUCTION NO. 27**

**INTERSTATE COMMERCE**

In order to establish that any visual depiction of a minor engaged in sexually explicit conduct was transported in interstate commerce, the government may prove that the image, or any instrument that was used to produce or receive such an image, traveled in interstate or foreign commerce, that is between one State, Territory, Possession, or the District Columbia, and another State, Territory, Possession, or the District Columbia, or commerce with a foreign country. Interstate or foreign travel of an image may be accomplished by means of a computer.

## INSTRUCTION NO. 28

### INTERNET IS MEANS AND FACILITY OF INTERSTATE COMMERCE

The internet is a means and facility of interstate or foreign commerce.

# INSTRUCTION NO. 29

## OTHER DEFINITIONS

"Receive" means "to take into one's possession;" "to take delivery of." An individual who downloads a visual image takes possession or accepts delivery of the visual depiction.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

A "minor" is any person under the age of 18 years.

"Sexually explicit conduct" means actual or simulated sexual intercourse, bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person.

"Producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

"Child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

# INSTRUCTION NO. 30
## LASCIVIOUS EXHIBITION – DEFINED

With respect to "lascivious exhibition of the genitals or pubic area of any person" as contained in the definition of "sexually explicit conduct":

Whether a picture or image of the genitals or pubic area constitutes such a lascivious exhibition requires a consideration of the overall context of the material. It is for you to decide the weight or lack of weight to be given to any of the following factors. A picture or image need not involve all of these factors to constitute a lascivious exhibition of the genitals or pubic area of any person, and you may find that the image is a lascivious exhibition of the genitals even if only one or more of the factors is present.

You may consider such factors as:

(1) Whether the focal point of the picture or image is on the child's genitals or pubic area;

(2) Whether the setting of the picture or image is sexually suggestive, that is, in a place or pose generally associated with sexual activity;

(3) Whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the minor;

(4) Whether the child is fully or partially clothed, or nude;

(5) Whether the picture or image suggests sexual coyness or a willingness to engage in sexual activity; and

(6) Whether the picture or image is intended or designed to elicit a sexual response in the viewer.

Whether a depiction is lewd or lascivious should be viewed from the perspective of the photographer, not from the perspective of the minor being photographed.

An exhibition of the genitals or pubic area may encompass a visual depiction of a child's genital or pubic area even where those areas are covered by clothing.

# INSTRUCTION NO. 31

## DATE RANGE CHARGED

The Indictment charges that the offense began on an unknown date "no later than approximately August 1, 2015, and continuing through March 1, 2016." Although it is necessary for the United States to prove beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the United States to prove that the offense was committed precisely on the dates charged.

**INSTRUCTION NO. 32**

**KNOWINGLY – DEFINED**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## INSTRUCTION NO. 33
## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# INSTRUCTION NO. 34

## CONSIDERATION OF EVIDENCE

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO. 35

## USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## INSTRUCTION NO. 36

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

# INSTRUCTION NO. 37

## VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and push the buzzer in the deliberation room and also advise the clerk that you are ready to return to the courtroom.

## INSTRUCTION NO. 38

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers or parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.