# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No.: 1:17-CR-00012-LJO-SKO-1 |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR JUDGEMENT OF ACQUITTAL; ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL** |
| v. | |
| **EDWARD PAUL CRAGG,** | |
| **Defendant.** | |

The Court has received and reviewed the Defendant's two motion, both brought under Federal Rules of Criminal Procedure, Rule 29.

Clearly the motions are UNTIMELY, in that they were not filed within 14 days after the verdict was rendered. Fed. R. Crim. P. 29(c)(1). The motions are DENIED on that ground.

In addition, the motions lack merit and are also DENIED on their absence of substance. From a reading of the motions, the Court reaches numerous conclusions:

1. The Defendant ignores the concept of Circumstantial Evidence in his arguments about trial evidence;

2. The search terms proven at trial to have been used by the Defendant, coupled with the testimony of Detective Hively, were more than ample evidence to establish the Defendant's intent in committing the crime charged;

3. For obvious Federal Rule of Evidence 403 reasons, coupled with mercy considerations as they relate to jurors, the Government showed few photos and few videos during trial, all of which had

1

been found on the Defendant's computer.  The photos and video material that were shown, coupled with the testimony of expert witnesses and the testimony of the Defendant himself constituted more than sufficient evidence for the Government to meet its burden of proof, which it obviously did.

    4. In the pending motions, the Defendant attempts to argue "facts" that the jury clearly did not believe.  Rearguing them here, especially since the Court didn't believe the Defendant's "facts" any more than the jury did, results in the same conclusion here as at trial:  a finding of clear guilt.

    5. The Defendant ignores in his motions the concept that a large part of the jury's role is to assess the credibility of witnesses. They fulfilled that duty.  Suggesting otherwise is without merit or basis.  Simply stated, the Defendant was not credible.

    6. The Defendant was neither charged with, nor convicted of, anything to do with adult pornography.  The free speech argument in his motions is irrelevant to this case generally, and to these motions specifically.

    7. The Defendant's argument that he neither sought nor did he request child pornography was the same position he asserted at trial.  Also asserted at trial, and now reasserted in argument is the position that he did not know the child pornography found on his computer was in fact child pornography when received.  The assertion was neither believed by the jury at trial nor is it believed by the Court now.

    8. The motions have no substance, nor does either one have merit.  They are both DENIED, both on procedural grounds as well as substantive grounds.

IT IS SO ORDERED.

    Dated:  **August 22, 2018**          **/s/ Lawrence J. O'Neill**
                                                 UNITED STATES CHIEF DISTRICT JUDGE