McGREGOR W. SCOTT
United States Attorney
DAVID L. GAPPA
ROSS PEARSON
ERIN M. SALES
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD PAUL CRAGG,<br><br>Defendant. | Case No. 1:17-CR-00012-LJO-SKO<br><br>UNITED STATES' REQUEST FOR AN ORDER AUTHORIZING DISCOVERY IN THE ANCILLARY PROCEEDING; ORDER THEREON<br><br>[FED. R. CRIM. P. 32.2(c)(1)(B)] |

## I. INTRODUCTION

Pursuant to Fed. R. Crim. P. 32.2(c)(1)(B), the United States requests authorization to conduct discovery into the basis for the claim filed by petitioner Karen Lawrence ("Petitioner") regarding her interest in property forfeited from defendant Edward Paul Cragg. Petitioner alleges an ownership interest in the following property seized pursuant to a federal seizure warrant in Turlock, California, on or about March 1, 2016, from defendant Edward Paul Cragg as part of this criminal investigation: (1) OCZ Technology 60 GB 2.5 inch solid state hard drive with serial number 017681101002713, including all content and data stored thereon; (2) Thermaltake Desktop Computer containing three hard disk drives, including all content and data stored thereon; (3) Republic of Gamers Model AX850 computer tower containing ten hard disk drives, including all content and data stored thereon; (4) ASUS 27" monitor, including all content and

data stored thereon; (5) Vizio 54" monitor serial number LHPAQAH2908542, including all content and data stored thereon; (6) Motorola Surfboard Modem serial number 317001110101839808040011, including all content and data stored thereon; (7) ASUS wireless router serial number BB1AGC002660, including all content and data stored thereon; and (8) Computers, cellular phones, SD cards, compact discs, hard drives, or other electronic storage devices, including all content and data stored thereon, containing visual depictions of minors engaged in sexually explicit conduct (collectively, the "Subject Property").

## II. BACKGROUND

1. On January 19, 2017, Edward Paul Cragg was indicted in a one-count indictment for receipt and distribution of material involving the sexual exploitation of minors. (ECF No. 1.)

2. On May 23, 2018, a jury found defendant Edward Paul Cragg guilty as charged in count one of the Indictment and the jury returned a special verdict that the above-listed property was used or intended to be used to commit or to promote the offense charged in the Indictment. (ECF No. 94.) Defendant Edward Paul Cragg was sentenced on September 4, 2018. (ECF No. 146.)

3. On June 6, 2018, the Court entered a Preliminary Order of Forfeiture for the Subject Property, pursuant to 18 U.S.C. § 2253, which authorizes the forfeiture of any property, real or personal, used or intended to be used to commit or to promote a violation of 18 U.S.C. § 2252(a)(2), or any property traceable to such property.

4. Following the Court's entry of a Preliminary Order of Forfeiture, the United States provided notice to all known and unknown potential claimants pursuant to 21 U.S.C. § 853(n), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Local Rule 171. In accordance with § 853(n)(2) and Fed. R. Civ. P. 6(a)(1)(C), the deadline for Petitioner to file a petition was July 23, 2018.

5. On July 23, 2018, Petitioner filed a Verified Petition for Ancillary Hearing contesting the forfeiture of the Subject Property and claiming an ownership interest in the Subject Property. (ECF No. 127.)

///

## III. ANALYSIS

6. Federal Rule of Criminal Procedure 32.2(c) governs third party asset forfeiture proceedings in criminal cases. If a third party files a petition asserting an interest in property to be forfeited in a criminal case, the district court must conduct an ancillary hearing. Fed. R. Crim. P. 32.2(c). Prior to the ancillary hearing, however, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is "necessary or desirable to resolve factual issues." Fed. R. Crim. P. 32.2(c)(1)(B).

7. The United States contends that discovery is necessary and desirable to evaluate Petitioner's ownership in the Subject Property. Specifically, if Petitioner can provide information showing that she is the lawful owner of the Subject Property, an ancillary hearing may not be necessary.

8. The United States requests and proposes the following discovery, motion and hearing schedule:

| Event | Proposed Date/Deadline |
| --- | --- |
| Discovery Cut Off | August 2, 2019 |
| Last Day to File Dispositive Motions | September 16, 2019 |
| Ancillary Hearing | Week of October 21, 2019 |

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests the Court to: (1) enter an order authorizing the parties to conduct discovery pursuant to Fed. R. Crim. P. 32.2(c)(1)(B); and (2) adopt the above litigation schedule or set a discovery schedule that the Court deems appropriate.

Dated: March 11, 2019

McGREGOR W. SCOTT
United States Attorney

By: /s/ Erin M. Sales
ERIN M. SALES
Assistant United States Attorney

**ORDER**

IT IS SO ORDERED.

Dated: March 11, 2019  　　　　　　　　　／s／ Lawrence J. O'Neill
　　　　　　　　　　　　　　　　　　　LAWRENCE J. O'NEILL
　　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE