IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:17-CR-00012-LJO-SKO |
|---|---|
| Plaintiff, | |
| v. | ORDER DENYING REQUEST TO UNSEAL TRANSCRIPT OF JULY 27, 2018, HEARING |
| EDWARD CRAGG, | |
| Defendant. | |

The Court takes judicial notice of the fact that Defendant has appealed his conviction and raised on appeal the issue of whether his waiver of the right to <u>trial</u> counsel was knowing and intelligent. *See United States of America v. Edward Paul Cragg*, No. 18-10343, Docket #9, at 9-11. Defendant included in the record on appeal a transcript of a hearing held April 23, 2018, at which the Court granted Defendant's request to represent himself at trial. On July 2, 2019, the United States moved to unseal the transcript of an earlier hearing, held on February 22, 2018, because the government believed that transcript might contain information relevant to the issue of Defendant's request to represent himself at trial. ECF No. 170. The Defendant agreed not to oppose the unsealing request. ECF No. 171. The Court granted that motion on July 11, 2019. ECF No. 174.

On July 12, 2019, the United States filed a request to unseal the transcript of a closed hearing that took place on July 27, 2018, after the jury verdict was returned but prior to sentencing. ECF No. 181. As of July 27, 2018, Defendant had again been appointed counsel (Richard Oberto, Esq.) for purposes of sentencing. *See* ECF No. 101. In a document that prompted the July 27, 2018 hearing, Defendant claimed, generally, that Mr. Oberto was inappropriately refusing to file certain motions with and/or make certain arguments to the Court. ECF No. 132. The United States now requests unsealing of

1

the transcript of that hearing on the ground that it might contain information relevant to the issue of Defendant's request to represent himself. *See* ECF No. 181. Defendant opposes unsealing of this transcript, arguing that the matters discussed therein are not relevant to the issues on appeal. ECF No. 182.

The Court has reviewed the transcript *in camera* and agrees with Defendant that unsealing is inappropriate. The issue on appeal is narrowly drawn, focusing only on whether Defendant's waiver of the right to <u>trial</u> counsel was knowing and intelligent. While the government is correct that the Court of Appeals may consider the record as a whole in evaluating whether Defendant's decision to represent himself at trial was knowing an intelligent, *see United States v. Erskine*, 355 F.3d 1161, 1167-69 (9th Cir. 2004) (despite court's erroneous advice at time of *Faretta* hearing, defendant's statements at time of sentencing indicated that defendant was aware of penalties he faced), the Court finds that the July 27, 2018 transcript does <u>not</u> reveal any additional information not already revealed in other, unsealed transcripts about issues raised on appeal, namely what the defendant understood about the nature of the charge in the indictment, the risks of representing himself, and the possible punishment he faced. Therefore, the motion to unseal the July 27, 2018 hearing is DENIED.

IT IS SO ORDERED.

Dated: **July 18, 2019**          /s/ Lawrence J. O'Neill
                                                            UNITED STATES CHIEF DISTRICT JUDGE