# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:17-cr-00012-NONE-SKO |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR BAIL REVIEW |
| v. | (ECF Nos. 197, 198, 203) |
| EDWARD CRAGG, | |
| Defendant. | |

On May 13, 2020, Defendant Edward Cragg filed a motion for bail review seeking to be released from custody. The Government filed an opposition and a request to file documents under seal on May 18, 2020. The request to file documents under seal was granted and the documents were filed under seal. The motion for bail review was heard on May 20, 2020. Defendant appeared in custody by telephone from the Federal Correctional Complex in Lompoc, California. Counsel Marc Days appeared by video for Defendant. Counsel David Gappa appeared by video for the Government. Having considered the moving papers and the arguments presented at the May 20, 2020 hearing, the Court shall deny Defendant's motion for bail review.

Here, Defendant was indicted on a charge of receipt and distribution of material involving the sexual exploitation of minors. Defendant was released from custody on January 27, 2017. A motion to suppress Defendant's statements was filed on August 21, 2017. On September 21, 2017, a motion to withdraw as counsel was filed. The motion to suppress was

1

denied and the motion to withdraw was granted September 25, 2017.  Defendant was appointed new counsel.

A pretrial release violation petition was filed on December 14, 2017.  A contested detention hearing was held on December 19, 2017, and Defendant was found to have violated his conditions of release.  Defendant's pretrial release was revoked and he was ordered detained and remanded into custody.  A Marsden motion was heard and denied on February 22, 2018.  On April 23, 2018, an attorney/client issue was addressed and an order issued finding that Defendant had waived his right to counsel and was proceeding pro se in the action.

On the first day of trial, Defendant's request for a continuance, reconsideration of the motion to suppress and request for counsel were denied as untimely.  The jury trial commenced on May 22, 2018, and on May 23, 2018, the jury returned a guilty verdict.  On May 30, 2018, a notice of attorney appearance was filed and Defendant was again represented by counsel.  On June 5, 2018, Defendant filed a pro se motion seeking to enlarge the time to file post trial motions due to limited access to information needed to prepare post trial motions.  The motion was denied as Defendant was now represented by counsel.

Defendant requested a continuance of the sentencing hearing which was granted.  A motion for bail review was filed on July 13, 2018, and withdrawn on July 19, 2018.[1]  On July 27, 2018, a Marsden/Faretta hearing was held.  Defendant was granted pro se status.  The court noted in the order assigning Defendant pro se status that this was attorney number 6 for Defendant.  Defendant filed a motion for judgment of acquittal and a new trial that was denied on August 23, 2018.  Defendant filed a motion for reconsideration and for the return of his property.  On September 4, 2018, Defendant was sentenced to 240 months in custody and 120 months of supervised release.  Defendant's request for appellate counsel was granted.

On September 12, 2018, Defendant filed a notice of appeal.  On March 31, 2020, the Ninth Circuit Court of Appeals affirmed the denial of the motion to suppress but reversed the conviction and remanded due to the district judge's failure to inform the defendant of the

---

[1] An order denying the motion for bail review was entered on July 20, 2018 and later stricken from the record noting that it was entered before the court realized that the motion had been withdrawn.

possible penalties that he was facing finding that the waiver was therefore not knowing and intelligent. On May 13, 2020, Defendant filed the instant motion for bail review.

A bail hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

First and foremost, the Court finds that Defendant has not shown that new information exists that was not known at the time of the bail hearing. Defendant seeks to reopen the hearing to obtain release due to the COVID-19 pandemic. But "[t]he risk of harm to the defendant does not usually bear on [the analysis under 3142(f)]; rather, whether a defendant's particular circumstances warrant release in light of the COVID-19 pandemic is more properly considered on a case-by-case basis under the 'another compelling reason' prong of § 3142(i)." United States v. Terrone, No. 319CR00058RCJCLB, 2020 WL 1844793, at *5 (D. Nev. Apr. 10, 2020); see also United States of Am. v. Ryan, No. 2:19-CR-756-JAK, 2020 WL 1861662, at *1 (C.D. Cal. Apr. 14, 2020). Neither this nor the other issues raised by Defendant are new information justifying reopening under section 3142(f).

Whether and under what conditions a defendant may be released pending trial under § 3142 is different from whether the defendant should be released for valid health reasons due to the COVID-19 pandemic. Ryan, 2020 WL 1861662, at *1. "[T]he COVID-19 pandemic cannot be the sole basis for releasing a defendant from custody pending trial; the Court must still consider the Section 3142(g) factors." United States v. Lee, No. 19-CR-20112-03, 2020 WL 1540207, at *3 (E.D. Mich. Mar. 30, 2020). Any determination regarding the initial detention—and any later reconsideration of the detention decision based on materially changed circumstances—depend solely "on the issue whether there are conditions of release that will reasonably assure the appearance of [Defendant] as required and the safety of any other person and the community." Ryan, 2020 WL 1861662, at *1 (quoting 18 U.S.C. § 3142(f)). Here, Defendant has previously been released on conditions and failed to comply which resulted in a

finding that there are no conditions that would ensure his Defendant's appearance or the safety of the community.  The Court finds that the conditions offered by Defendant do not reasonably address the flight risk or the danger to the community that would be posed by his release on bail.

Section 3142(i) provides that the Court "may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."

Defendant was previously released from custody and upon a finding that he violated his conditions of release his bail was revoked and he was remanded into custody.  At that time the Court found that there were no conditions that would ensure Defendant's appearance or the safety of the community.  Defendant seeks release due to the COVID-19 pandemic.  While a defendant's medical condition may present a compelling reason in a particular case to seek temporary release, "[c]ourts typically grant relief under § 3142(i) only 'sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries.' " Terrone, 2020 WL 1844793, at *4 (quoting United States v. Hamilton, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020)).  "[N]othing in the Bail Reform Act, including section 3142(i), authorizes pretrial release under [the generic pandemic conditions currently existing] that—while undeniably grave—apply across the board to every pretrial detainee in federal custody." United States v. Villegas, No. 2:19-CR-568-AB, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020).

Courts hold that the fact that an individual may be at a higher risk from COVID-19 due to underlying health reasons is not sufficient by itself to qualify as a compelling reason for temporary release. Ryan, 2020 WL 1861662, at *2.  While certain conditions are naturally more conducive to the transmission of viruses, courts find that "prisons are no different than other physically confined spaces like nursing homes, public schools, or homeless shelters." Villegas, 2020 WL 1649520, at *2.

In this instance, Defendant argues that there has been an outbreak of COVID-19 at the facility in which he is incarcerated and seeks to be released on home detention.  However,

4

Defendant has not identified any conditions that would place him at high risk from COVID-19. Defendant is forty-years old and sets forth no existing health conditions. Additionally, the Government has submitted evidence that the Federal Correctional Complex has taken steps to address the COVID-19 outbreak by testing one hundred percent of the inmate population, installing a hospital to treat COVID-19 patients, and taken steps to mitigate the risk of exposure to infectious disease.

For these reasons and the reasons stated on the record, Defendant's proposed new conditions, along with the additional conditions, do not ensure the Defendant's appearance or the safety of the community. Therefore, Defendant's motion for bail review and release on conditions is DENIED. The Defendant remains detained as a flight risk and danger to the community.

IT IS SO ORDERED.

Dated:   **May 21, 2020**

UNITED STATES MAGISTRATE JUDGE