McGREGOR W. SCOTT
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:17-CR-00012 NONE-SKO |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| EDWARD PAUL CRAGG, | PROPOSED DATE: June 29, 2020 |
| Defendant. | TIME: 1:00 p.m. |
| | COURT: Hon. Sheila K. Oberto |

This case is before the court, because the Ninth Circuit remanded it for district court proceedings on March 31, 2020, after vacating the defendant's conviction. Appellate counsel filed on April 22, 2020, a motion to be relieved as counsel and to have the court appoint Marc Days as counsel. The court granted that motion on April 23, 2020. The district court, on May 1, 2020, scheduled the case for a status conference on June 12, 2020 and on the same day issued a standing order related to the ongoing judicial emergency within the Eastern District of California. The district court issued a minute order on June 3, 2020, that rescheduled the status conference before the duty magistrate. The U.S. Marshal Service then advised that it was having a difficult time transferring the defendant into a jail within the Eastern District of California because of the ongoing COVID-19 pandemic. The parties were then instructed to find a mutually convenient date and file a stipulation setting the case before Judge Oberto, who had status conference availability on June 15 and June 29, 2020. June 29, 2020, was the first date that worked for the schedules of the court and counsel, and arrangements are being made for the defendant to appear on that date through Zoom, just like the court and counsel.

This Court has issued General Orders 611-618 to address public health concerns related to COVID-19, including the temporary suspension of jury trials and restrictions on access to court buildings.  Initially the Fresno courthouse was closed through June 15, 2020, but it has since been closed until further notice.

Although the General Orders address district-wide health concerns, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

1    similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

2    In light of the societal context created by the foregoing, this Court should consider the following

3    case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

4    justice exception, § 3161(h)(7).  When continued, this Court should designate a new date for the hearing.

5    *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be

6    "specifically limited in time").

### STIPULATION

8    Plaintiff United States of America, by and through its counsel of record, and defendant, by and

9    through defendant's counsel of record, accordingly stipulate as follows:

10    1.    By previous order issued on May 1, 2020, this matter was set for a status conference

11    hearing on June 12, 2020.  The Court subsequently vacated this hearing but indicated availability on

12    June 29, 2020, at 1:00 p.m.

13    2.    By this stipulation, the parties agree that the status conference, to discuss issues created

14    by the Ninth Circuit's remand of the case, be scheduled for June 29, 2020, and to exclude time between

15    June 12, 2020, and June 29, 2020, under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).

16    3.    The parties agree, and request that the Court find the following:

17    a)    Current defense counsel is newly appointed to the case and has had limited access

18    to the defendant who has remained housed at the Bureau of Prisons facilities at Lompoc,

19    California.

20    b)    Current defense counsel filed a motion for bail review on May 13, 2020, and the

21    court conducted a hearing and denied the motion on May 20, 2020.  It also issued a written order

22    on May 21, 2020, which supplemented its oral findings.

23    c)    Current defense counsel has not received discovery in this case.  Although it has

24    not been ordered, government counsel intends to send a proposed protective order to defense

25    counsel.  If issued, that order would permit defense counsel to receive documentary discovery

26    that is not contraband.  Government counsel can also request that evidence which is contraband

27    be made available at a more convenient location for defense counsel than its current location(s)

28    in Stanislaus County, California.

3

d)      Current defense counsel has had challenges in communicating with the defendant, because the prison at Lompoc, California had to respond to an outbreak of COVID-19, and this affected the defendant's access to means of communication.

e)      Because of the factors outlined above, the defense is not prepared to announce right now whether it will ask the court to schedule a trial.  Also, the district court has not yet announced when trials will again be possible in light of the ongoing pandemic.

f)      The government does not object to and joins in the request for continuance.

g)      In addition to the public health concerns cited by General Orders 611-618 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel have been encouraged to telework and minimize personal contact to the greatest extent possible.

h)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

i)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from June 12, 2020, to June 29, 2020, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at the request of the parties on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  June 11, 2020                          McGREGOR W. SCOTT
                                               United States Attorney


                                               /s/ DAVID L. GAPPA
                                               DAVID L. GAPPA
                                               Assistant United States Attorney


Dated:  June 12, 2020                          /s/ MARC DAYS
                                               MARC DAYS
                                               Counsel for Defendant
                                               EDWARD PAUL CRAGG


## FINDINGS AND ORDER

The court has reviewed and considered the stipulation filed by the parties on June 16, 2020, and also reviewed the record of this case.  For the reasons stated in the stipulation the period of time from June 12, 2020, to June 29, 2020, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at the request of the parties on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **June 17, 2020**                     /s/ *Sheila K. Oberto*
                                               UNITED STATES MAGISTRATE JUDGE