Marc Days, CA Bar #184098
Days Law Firm
1125 T Street
Fresno, California 93721
Telephone: (559) 708-4844

Attorney for Defendant,
EDWARD CRAGG

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD CRAGG<br><br>Defendant. | Case No.: 17-cr-00012 JLT-SKO<br><br>STIPULATION TO RESCHEDULE TRIAL DATE FROM SEPTEMBER 17, 2024, TO FEBRUARY 25, 2025; ORDER |

IT IS HEREBY STIPULATED between the parties that the trial scheduled to start on September 17, 2024, be rescheduled to begin on February 25, 2025, and that the court vacate the September 3, 2024, trial confirmation and hearing on motions in limine. The reason for the request is to allow the defense expert to examine Exhibit 23 in its entirety, a small portion of which was used by the government in the initial trial. The size of Exhibit 23 is 24 terabytes (TB) consisting of 8 volumes.

On December 22, 2023, the defense requested the government provide a forensic image of the entire computer and all storage contained within exhibit 23. On January 2, 2024, the government responded, requesting that the defense provide a 25 TB drive to send to the FBI office in Ripon, CA. On January 8, 2024, the defense notified the government that a 28 TB hard

drive had been sent to the FBI office in Ripon, CA, with an expected delivery date of January 10, 2024.

On February 6, 2024, the defense asked the government whether the 28 TB hard drive was ready for the defense expert to review. The government responded that, "[Exhibit 23] hadn't been previously imaged, so it's been necessary to create a forensic image and then make a copy of that image to send for review" and that the government will get confirmation when it arrives in Spokane, WA. For numerous reasons, the government decided to obtain a federal search warrant to conduct its own search of the device, since it had not been subjected to a thorough forensic review after it was seized and before the defendant's trial.

On February 21, 2024, the defense inquired of the government whether the 28 TB hard drive had arrived in Spokane. The government responded that, "Given the large volume of data, it's taken longer than hoped. . . . An additional complication has been that it's not just a large amount of data but how the multiple drives were configured (in RAID)."

On February 27, 2024, the government informed the defense that the copying of the 28 TB drive had been completed and it would be in Spokane soon. On March 8, 2024, the defense expert informed the defense that the 28 TB drive had been received by the FBI in Spokane, that it had appeared to be in a RAID configuration and that he had yet to fully process it. On March 22, 2024, the defense expert informed the defense that he needed the detailed RAID configuration of each forensic image of each volume contained in the 28 TB hard drive in order to examine the data.

On March 28, 2024, the defense informed the government that the defense expert attempted to rebuild the RAID of the eight forensic images of Exhibit 23 and, as a result, was unable to review the data. The defense advised the government that the defense expert needed detailed configuration information for the RAID from Exhibit 23 to review the data. The defense requested the government turn on and boot up Exhibit 23 into the UEFI/BIOS and take photographs of the RAID configuration and provide those photographs to the defense so the defense expert could configure the RAID and conduct the defense review of Exhibit 23.

On April 1, 2024, the government responded that the defense expert could utilize the tool "X-Ways Forensics" to rebuild the RAID of Exhibit 23. The defense forwarded the April 1, 2024, information from the government regarding "X-Ways Forensics" to the defense expert and on April 5, 2024, the defense expert responded that the government's response provided no new information, but he would attempt to use the software suggested by the government.

On May 18, 2024, the defense expert advised that after much trial and error he was still unable to access the entire contents of Exhibit 23 and only able to do a partial rebuild of one volume. The defense expert suggested revisiting his previous recommendation made on March 28, 2024, to the government to access Exhibit 23.

On May 22, 2024, the defense informed the government that the defense expert had tried and failed to fully access the data contained on Exhibit 23. The defense advised the government that what is needed is a "logical evidence file" of both drive letters of Exhibit 23.

On May 31, 2024, the government advised that if the defense expert was unable to access the data using X-Ways, it might be possible to get some additional guidance from the FBI agent.

On June 21, 2024, the defense was informed that it had exhausted approved funds for the defense expert. The defense then began working with the defense expert on a new funding request.

On July 11, 2024, the government informed the defense that it had begun redoing the forensic analysis of the defendant's devices and that although the evidence will be the same, it would likely be prepared in a different way.

On July 15, 2024, the defense submitted an additional funding request for the defense expert and on July 19, 2024, the court approved the defense request.

On July 26, 2024, the defense advised the government that the defense expert had been unable to rebuild the RAID array for Exhibit 23 using the forensic images provided by the government, that the defense expert has attempted to rebuild the RAID using multiple forensic tools, and that the best outcome so far had produced only a partial rebuild of one volume. The defense advised the government that the defense expert had requested that the government create logical copies or Logical Evidence Files of the RAID volumes for defense review.

On July 31, 2024, the government responded that it hoped to soon be able to provide a more direct answer to the request for the government to create logical copies and that it would probably be at least another week before the government could respond more fully if this would be possible. The government advised it took longer for the FBI to make an additional copy of Exhibit 23 for the new government examiner so he had only recently obtained a copy of that evidence.

On August 2, 2024, the defense contacted the government, following up on the defense's request that the government provide logical copies or logical evidence files. On August 8, 2024, the government advised the defense that it is "still waiting for additional information on rebuilding the largest RAID."

During the week of August 12, the parties conferred by phone and e-mail messages and discussed how best to accommodate the defendant's request. The parties are still attempting to resolve the issue, but concur that the current trial date of September 17, 2024, should be vacated because the defense believes that there is evidence favorable to the defense that it would like to access. Although the government has made that evidence available for review, neither party has yet been able to successfully reconfigure the multiple hard drives from the largest computer that the defendant was using prior to his arrest. The government is willing to continue to work with the defense so that both parties can gain full access to the devices which so far have never been fully analyzed. The parties disagree, however, on the amount of time and resources that should be dedicated to this task. Given that the government obtained a conviction after a trial in 2017 with only limited information from Exhibit 23, the government does not want to delay another trial any longer than necessary. But the government is willing to continue working with the defense on attempting to achieve full access to Exhibit 23 and has encouraged the defendant to provide any assistance in suggesting how he had configured the hard drives and operating system. The government believes that the new trial date will enable the parties to work in good faith toward being fully prepared for the next trial but also understands that if there is good cause for an additional defense request to continue the proposed new date, the government will carefully consider the request.

     Should the government inform the defense that it is unable to provide logical copies or logical evidence files of Exhibit 23 or turn on and boot up Exhibit 23 into the UEFI/BIOS and take photographs of the RAID configuration, the defense needs time to: (1) request further funding for defense expert travel from Spokane, WA, to the FBI office in Ripon, CA, and (2) to move to allow the defense expert to travel and boot up Exhibit 23 into the UEFI/BIOS and take photographs of the RAID configuration or to access Exhibit 23 to create logical copies or logical evidence files.

     The parties request that the Court extend the exclusion of time under the Speedy Trial Act from September 17, 2024, through February 25, 2025, for purposes of defense preparation and plea negotiations pursuant to 18 U.S.C. §§3161(h)(7)(A) and (h)(7)(B)(iv).

Dated: August 21, 2024

Respectfully submitted,

Marc Days
Days Law Firm

*/s/ Marc Days*
MARC DAYS
Attorney for Defendant
Edward Cragg

Dated:  August 21, 2024

PHILLIP A. TALBERT
United States Attorney

/s/ David L. Gappa
DAVID L. GAPPA
Assistant United States Attorney

**ORDER**

     Upon the parties' stipulation, and for good cause shown, the trial that is scheduled to start on September 17, 2024, is vacated.  Also vacated is the September 3, 2024, trial confirmation and hearing on motions in limine.  The trial is now rescheduled to begin on February 25, 2025.  The Court further excludes time under the Speedy Trial Act from September 17, 2024, through

February 25, 2025, for purposes of defense preparation and plea negotiations pursuant to 18 U.S.C. §§3161(h)(7)(A) and (h)(7)(B)(iv).

IT IS SO ORDERED.

Dated:   **August 22, 2024**                                  _____
                                                              UNITED STATES DISTRICT JUDGE